IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MASOOMEH ASHOORI MATINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv944 (JCC) |
| ) | |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**<u>M E M O R A N D U M   O P I N I O N</u>**

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint or to stay this action, in the alternative, or to transfer venue as a second alternative, and on Plaintiff's motion for summary judgment.  For the reasons stated below, the Court will deny Plaintiff's Motion for Summary Judgment, deny Defendant's Motion to Dismiss, deny Defendant's Motion to Stay, and grant Defendant's Motion to Transfer Venue.

**I. Background**

The Plaintiff, Masoomeh Ashoori Matini ("Mrs. Matini"), is the widow of Houman Michael Matini ("Mr. Matini").  Mr. Matini died on February 20, 2005 and was covered under Defendant's, Reliance Standard Life Insurance Company ("Reliance"), group life insurance policy.  At the time of Mr. Matini's death, he had $134,000 worth of coverage under the policy.  This amount was

amended to $268,000 at the time of the hearing on these Motions. Mrs. Matini was the designated beneficiary under the policy, and following the death, she submitted a proof of loss statement. At the time of Mr. Matini's death, Mr. and Mrs. Matini were separated from but still married to each other. One week after Mrs. Matini submitted her proof of loss statement, decedent's brother, F. Alexander Matini ("Alexander Matini") submitted a competing claim to the policy proceeds, individually and as administrator of Mr. Matini's estate, on behalf of Mr. Matini's father, Nasser Matini. Because of this competing claim, Reliance did not distribute the proceeds of the policy.

On June 2, 2005, Reliance initiated an interpleader action in the United States District Court for the District of Columbia. This action has since been assigned to Judge Henry H. Kennedy, Jr. On June 28, 2005, Mrs. Matini filed a motion to dismiss or, in the alternative, to transfer the interpleader action. This motion was premised on an assertion that venue was improper because Alexander Matini, who was responsible for giving rise to venue in the District of Columbia, did not actually reside in the District of Columbia even though he asserted that location as his residence. The court in the District of Columbia has not yet ruled on Mrs. Matini's motion.

On July 21, 2005, Mrs. Matini filed a bill of complaint in the Circuit Court for Fairfax County claiming third party

beneficiary breach of contract and seeking a declaratory judgment against Reliance for not distributing to her the policy proceeds. Reliance removed the suit to this Court on August 16, 2005.

On August 23, 2005, Reliance filed a Motion to Dismiss Plaintiff's Complaint or to Stay this Action, in the alternative, or to Transfer Venue, as a second alternative.  On September 29, 2005, Mrs. Matini filed a Motion for Summary Judgment.  These Motions are currently before the Court.

## II. Standard of Review

<u>Motion for Summary Judgment</u>

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion. . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute.  *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party.  *See id.*  In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict.  *See id.*  As the Fourth Circuit explained,

> [W]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992) (citations omitted), *abrogated on other grounds in Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

<u>Motion to Transfer Venue</u>

Section 1404(a) addresses motions to transfer.  With respect to transfer, the relevant portion of the statute instructs that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

This rather ambiguous standard has been interpreted to require consideration of the following four factors: (1) the plaintiffs' choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256-62 (E.D. Va. 1988) (Ellis, J.). The interest of justice factors include such circumstances as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, [and] the possibility of harassment. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)(Spencer, J.)(citations and quotations omitted).

### III. Analysis

A. Plaintiff's Motion

Mrs. Matini filed a motion for summary judgment in this case by asserting, basically, that she was listed as the beneficiary of Mr. Matini's policy and that he died with such a policy in tact. Reliance simply responds by reiterating that Alexander Matini has asserted a competing claim, and that this claim alone gives rise to a disputed genuine issue of material fact.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party" a claimant may file a motion for summary judgment.  Fed. R. Civ. P. 56(a).  Therefore, it is not a requirement for a plaintiff to wait to file a motion for summary judgment until a defendant has filed an answer.  However, courts have approached such motions with extreme caution.  Upon a similarly timed summary judgment motion, one case notes that a "court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact."  *Stuart Inv. Co. v. Westinghouse Electric Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951).  *See also First American Bank, N. A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981); *United States v. McFaddin Express, Inc.*, 197 F. Supp. 289, 290 (D. Conn. 1961).

Because Alexander Matini has asserted and, again upon questioning, reasserted the interest of another to the policy proceeds, this Court cannot with assurance and certainty determine that Reliance could not present a genuine issue of fact.  In an exercise of caution, therefore, the Court will deny Plaintiff's motion for summary judgment.

B. Defendant's Motions

This Court is not persuaded by either of Defendant's grounds for seeking dismissal of this case.  Likewise, the Court finds that transfer is a more appropriate remedy to address the duplicative litigation than issuing a stay in this action.

In addressing the question of simultaneous, parallel litigation in two federal district courts, the Supreme Court noted that the "general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  Generally, "so long as the parallel cases involve the same subject matter, the district court should--for judicial economy--resolve both suits in a single forum." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003).

In the present matter, the subject matter of the District of Columbia case and this case are identical - the resolution of Mr. Matini's life insurance policy proceeds.  There are no factual differences between that litigation and the litigation before this Court.  This case is appropriate for transfer in light of the factors considered in any motion to transfer.  All the parties are before the court in the District of Columbia, whereas in this case there was a question as to what

parties were necessary to proceed.  Additionally, as represented by defense counsel at the hearing, witnesses are located both in Virginia and the District of Columbia.  Finally, since all the files regarding this matter are located in Pennsylvania, there is no additional convenience for hearing the case in Virginia.  Finally, in the interests of justice, judicial economy, and avoiding conflicting decisions, this Court will transfer this case to the District of Columbia.

### IV. Conclusion

For the reasons stated above, the Court will deny Plaintiff's Motion for Summary Judgment, deny Defendant's Motion to Dismiss, deny Defendant's Motion to Stay this Action, and grant Defendant's Motion to Transfer Venue.  An appropriate Order will issue.


October_24_, 2005                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE